

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

————————————

No. 2:20-cv-1265

————————————

KRISTIAN LAMAR ROBINSON, *et al.*,

Plaintiffs,

v.

COACH LEASING, INC.,

Defendant.

————————————

## MEMORANDUM OPINION

————————————

Defendant Coach Leasing, Inc. removed this case to federal court on August 26, 2020. [ECF 1]. In its notice of removal, Coach alleged that the Court had subject matter jurisdiction under 28 U.S.C. § 1332, "in as much as the amount of controversy exceeds the sum of $75,000.00, exclusive of interests and costs, and is in between citizens of different states." [ECF 1, ¶ 15]. Plaintiffs have filed a motion to remand the case to state court, arguing that the amount in controversy does not exceed $75,000.00 and offering a stipulation to that effect. [ECF 12, ¶ 4 ("The Plaintiffs stipulate the amount of collective damages in the matter does not exceed $75,000.")].

After careful consideration, the Court will grant the motion to remand.

- 1 -

"Remand to state court is required if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." *Hoffman v. Nutraceutical Corp.*, 563 Fed. Appx. 183, 185 (3d Cir. 2014). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[L]ower federal-court jurisdiction is further limited to those subjects encompassed within a statutory grant of jurisdiction." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Thus, "the district courts may not exercise jurisdiction absent a statutory basis." *Id.* To that end, Coach relies on 28 U.S.C. § 1332(a), which allows for federal courts to exercise jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States[.]" 28 U.S.C. § 1332(a).

Initially, the Court agrees with Coach that Plaintiffs' post-removal "stipulation" regarding the amount in controversy "has no legal significance." *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993). That is because, as Coach correctly notes, the "right to remove is to be determined according to the plaintiffs' pleading at the time of the petition for removal, and it is the defendant's burden to show the existence of federal jurisdiction." *Van Scyoc v. Equitrans, L.P.*, 255 F. Supp. 3d 636, 639 (W.D. Pa. 2015) (Hornak, J.) (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)). Thus, "a plaintiff following removal cannot destroy federal jurisdiction simply by amending a complaint that initially satisfied the monetary floor." *Angus*, 989 F.2d at 145.

That said, the Court still must assess the complaint to determine if the amount in controversy was, in fact, satisfied at the time of removal, based on "a reasonable reading of the value of the rights being litigated." *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002). Here, the complaint is silent as to the specific sum of damages claimed, except that Plaintiffs seek damages above the local arbitration limits. That, of course, is because the Pennsylvania Rules of Civil Procedure *prohibit* a plaintiff from demanding a specific sum in its complaint.

*See* Pa. R.C.P. 121 ("Any pleading demanding relief for unliquidated damages shall not claim any specific sum.").

Given that, the Court looks to 28 U.S.C. § 1446(c)(2)(B), which provides that "where, like here, the 'State practice … does not permit demand for a specific sum …' the 'removal of the action is proper on the basis of the amount in controversy … if the district court finds, by a preponderance of the evidence, that the amount in controversy' exceeds $75,000." *Allen v. Bloomingdale's, Inc.*, No. 16-772, 2016 WL 4579975, at *2 (D.N.J. July 19, 2016) (quoting 28 U.S.C. § 1446 (c)(2)(B)).

In support of federal jurisdiction, Coach argues that a "reasonable reading" of the complaint suggests that the damages exceed $75,000.00, because Plaintiffs "are both seeking damages for lost wages, future wage loss, and past and future medical expenses" and "the Complaint does not limit its request for a precise monetary amount." [ECF 17, p. 5]. The Court disagrees.

To begin with, the fact that there are two Plaintiffs here is irrelevant. "Each plaintiff must meet the amount in controversy requirement–claims may not be aggregated among plaintiffs to meet the statutory minimum." *Golden ex rel. Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004), *abrogated on other grounds by Marshall v. Marshall*, 547 U.S. 293, 304 (2006); *see also Murphy Murphy & Murphy, P.C. v. Nationwide, Ins. Co.*, No. 19-712, 2019 WL 2389663, at *3 (E.D. Pa. June 5, 2019) ("For this Court's jurisdiction to be invoked, each plaintiff's amount in controversy must exceed the $75,000 threshold.").

The question, then, is whether the complaint reasonably suggests that *each Plaintiff* has suffered *more than $75,000.00* in injuries. The Court sees nothing that could reasonably support such an inference. Rather, the complaint contains largely boilerplate allegations of amorphous injuries—the likes of which appear in many personal-injury complaints. *Cf. Inaganti v. Columbia Prop. Harrisburg LLC*, No. 10-1651, 2010 WL 2136597, at *5 (E.D. Pa. May 25, 2010) ("The Complaint contains only general boilerplate allegations that plaintiff suffered a variety of physical and mental injuries and loss of earning capacity. While these injuries are seemingly serious,

Plaintiffs identify no precise injury or medical condition."); *Brown v. Modell's PA II, Inc.*, No. 08-1528, 2008 WL 2600253, at *2 (E.D. Pa. July 1, 2008) ("[T]he complaint was full of boilerplate allegations."); *Marchiori v. Vanguard Car Rental USA, Inc.*, No. 05-5685, 2006 WL 724445, at *2 (E.D. Pa. Mar. 17, 2006) ("[P]laintiff's complaint alleged [only] some specific medical injuries.").

Of particular note, none of the injuries identified by Plaintiffs appear to be fractures or injuries to critical organs. Plaintiffs' allegations also do not suggest any specific expensive medical treatment, such as major surgeries.  In fact, there is no mention of any specific medical procedures at all.  Rather, Plaintiffs vaguely allege "pain" or "sprains" in miscellaneous body parts (like an elbow), a "concussion," "shortness of breath," "muscle strain," "muscle spasms," a "contusion" (bruise), "anxiety," and "emotional distress." [ECF 1-1, ¶¶ 13-16].  The complaint also does not describe the extent to which Plaintiffs have lost "earning capacity" or wages with any specificity at all.  Plaintiffs' jobs or occupations are not listed, so that sort of damage is also impossible to quantify. Nor does the complaint identify the speed of the vehicle collision at-issue.  And while Plaintiffs seek damages above the local arbitration limit ($35,000.00), this tells us little. $35,000.00 is well below $75,000.00, and, unlike under the removal statute, Plaintiffs' claims may be aggregated for purposes of reaching the local arbitration limit.

In sum, then, all that can be reasonably inferred from the complaint is that Plaintiffs were involved in an accident that did not result in death or well-defined serious injury, and that Plaintiffs lost some wages, and spent some unidentified amount of money on medical bills, as a result. This strikes the Court as a claim that is highly unlikely to approach the value of $75,000.00 per plaintiff, at least without additional facts (about injuries, medical expenses, etc.) not presently known to Coach or the Court.

Finally, if any doubt remains, the tie is broken here by the well-settled principle that "[t]he federal removal statute … is strictly construed, requiring remand if any doubt exists over whether removal was proper." *Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015).  Here, there is, at a minimum, serious

- 4 -

reason to doubt that Plaintiffs have each suffered more than $75,000.00 in damages. Thus, remand is warranted. An appropriate order follows.

DATE: October 28, 2020

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge